THE AGNES I. GRACE.

McQUESTEN *et al.* v. PROPELLER TOWBOAT Co. *et al.*

(*Circuit Court of Appeals, Fifth Circuit.* June 20, 1892.)

No. 40.

SALVAGE—COMPENSATION—CONTRACT.

An award by the district court of salvage equal to the amount contracted for by the master will not be disturbed merely because it seems large in proportion to the value of the property saved, when it appears that the contract was entered into after full deliberation, and with opportunity to procure other aid, and that it seemed fair and just at the time it was made. 49 Fed. Rep. 662, affirmed.

Appeal from the District Court of the United States for the Southern District of Georgia, Eastern Division.

In Admiralty. Libel by the Propeller Towboat Company against the schooner Agnes I. Grace for salvage. Frank B. McQuesten and others, claimants. Decree for libelants. 49 Fed. Rep. 662. Claimants appeal. Affirmed.

*C. N. West*, for appellants.

*T. P. Ravenel* and *Geo. A. Mercer*, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

LOCKE, District Judge. The facts and circumstances in this case have been very fully stated in the opinion of the district judge, (49 Fed. Rep. 662,) and we do not consider it necessary to review them. The schooner Agnes I. Grace was in peril, and assistance to save her and her cargo from total loss was absolutely necessary. The master was helpless to extricate the property in his charge from danger, but thoroughly conversant with his situation and surrounding circumstances, and had ample time and opportunity to make such investigations as were necessary to enable him to procure assistance. After the appellee herein had made efforts to float the schooner, and been unsuccessful, and after a full consultation and consideration, the master entered into a contract which he considered as favorable as could be made. The agent of the underwriters at Savannah visited the schooner while on the bank after the agreement had been made, and it does not appear that he made any objections to the terms of it, but, on the contrary, expressed his doubts as to whether the schooner could ever be saved. The master visited Savannah subsequent to the agreement, and had every opportunity to solicit assistance, but considered he had done as well as he could, and made no effort to procure other aid. This case cannot be considered as belonging to that class of cases of contract for salvage services where the master, being upon the high seas or on an uninhabited coast, at a distance from all other aid, is absolutely helpless, and without power to procure assistance other than that offered, and compelled in consequence to make a hard and inequitable contract. He was within easy reach of Savannah, where, had he desired to assume the risk for his owners, he could have procured lighters and other tugs to render the service. In *The Helen and George*, Swab. 368, Dr. LUSHINGTON, speaking of contracts for salvage service, says:

"The principle upon which the court acts is that, if satisfied that an agreement has been made, it will carry it into effect, unless totally contrary to justice and the equity of the case."

Again, in *The British Empire*, 6 Jur. 608, he says:

"When there has been a definite, distinct agreement, with ample time for the parties to consider what they are doing, the court would be reluctant to interfere with it."

In *The Wellington*, 48 Fed. Rep. 478, Judge Ross enforced the payment of an amount which he states was undoubtedly too large for the service, but not so exorbitant as to justify the court in setting it aside. In *Post* v. *Jones*, 19 How. 150, the court says:

"Courts of admiralty will enforce contracts made for salvage service and salvage compensation, where the salvor has not taken advantage of his power to make an unreasonable bargain."

In this case the property of the appellees, to a large amount, incurred risks in rendering the service much greater than of ordinary navigation. They also became responsible for the safety of the third tug, not owned by them and of the lighters employed, to an amount exceeding that of the entire contract. Before the performance of the service the agreement appears to have been considered by all fair and just; and, if so then, it cannot now be considered otherwise because of its successful rendition by appellees, who had assumed all expense and risk. Although the amount given may, under the circumstances, appear high, in proportion to the value of the property saved, this court does not deem it sufficiently unreasonable to disturb the judgment of the court below. It was unquestionably the duty of the district court to consider the petitions of the interveners, and determine their claims against the fund in the registry of the court from the sale of the vessel, and the amount incurred in the care, custody, and preservation of the cargo; and the judgment and decree of the court below is affirmed, with costs. And so it is ordered.